IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO



00 AUG 22 PM 3 57

CURTIS MOORE,
       Plaintiff,

vs.                                            NO. CIV 00-1052 / WWD

CARY LA VALLEY and
ALEX MONTOYA,
       Defendants.

## FIRST AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, TORT CLAIMS, AND DAMAGES

Plaintiff, Curtis Moore, through counsel, Joe M. Romero, Jr., for his First Amended Complaint states:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983 and 28 U.S.C. § 1343, with pendent jurisdiction over the state law claims.

2.    Venue is proper in this District as Defendants are all residents of New Mexico and all of the acts complained of occurred in New Mexico. Plaintiff's cause of action arose in New Mexico.

### THE PARTIES

3.    Plaintiff Curtis Moore (Plaintiff) is a resident of Las Vegas, San Miguel County, New Mexico.

4.    Defendants Cary La Valley and Alex Montoya, at all times material hereto, were law enforcement officers employed by the City of Santa Fe.

5.    Upon information and belief, Defendants La Valley and Montoya are residents of Santa Fe County, New Mexico.



6. At all times material hereto, Defendants La Valley and Montoya were employees of the City of Santa Fe, and acted under color of state law and within the scope and course of their employment. Defendants are being sued in their official and individual capacities.

## FACTUAL ALLEGATIONS

7. On or about May 26, 1996, Plaintiff was stopped and subsequently arrested in Santa Fe, New Mexico. Plaintiff was charged with Aggravated DUI and Careless Driving.

8. Plaintiff subsequently appeared before Judge Frances Gallegos and, as part of a plea agreement resolving the entire case, the Plaintiff pled guilty to Simple or Non-Aggravated DUI on January 23, 1997.

9. Plaintiff complied with all conditions pertaining to his municipal court plea and completed his sentence.

10. On or about January 31, 1997, Defendants Montoya and LaValley caused to be issued a Criminal Complaint charging Plaintiff with Aggravated DUI occurring on or about May 26, 1996. This Complaint was filed in reckless disregard for Plaintiff's rights, in that it constituted the identical charge to which Plaintiff had pled on January 23, 1997.

11. On April 11, 1997, Defendants Montoya and/or LaValley caused the filing and issuance of an arrest warrant for Plaintiff.

12. On August 27, 1999, Plaintiff was arrested pursuant to said warrant and held in continuous custody at the Santa Fe County Detention Center until October 6, 1999. Defendant was released only after the Magistrate Court confirmed Plaintiff's contention that he had previously pled in Municipal Court and served his sentence for the same offense for which he had been arrested and incarcerated on August 27, 1999.

## COUNT ONE
## UNLAWFUL SEIZURE IN VIOLATION OF
## THE FOURTH AND FOURTEENTH AMENDMENTS

13. Plaintiff hereby incorporates by reference the allegations of paragraphs one (1) through twelve (12), inclusive, as if fully stated herein.

14. On or about August 27, 1999, Plaintiff's car was stopped near his home in Las Vegas, New Mexico for a minor traffic violation. Plaintiff was subsequently arrested on the pending warrant and complaint issued or caused to be issued by Defendants.

15. At the time of his arrest, Plaintiff had the right to be free from unreasonable seizures as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

16. In light of the serious and severe effect that the Defendant's actions would necessarily have on Plaintiff, Defendants had an obligation, prior to effecting the subject restraint on Plaintiff's freedom, to exercise ordinary responsibility in the swearing out of complaints that restrict said freedom.

17. Defendants acted with deliberate indifference to Plaintiff's rights. Said actions were grossly negligent, arbitrary, and shock the contemporary conscience.

18. As a direct and proximate result of Plaintiff's detention, arrest, and subsequent incarceration, Plaintiff suffered damages and injuries including deprivation of liberty, lost wages, humiliation, and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount to be determined at trial, together with punitive damages, costs, interest, and attorney's fees pursuant to 42 U.S.C. § 1988, and such other and further relief to which Plaintiff may be entitled.

## COUNT TWO
## FALSE IMPRISONMENT

19.     Plaintiff hereby incorporates by reference the allegations of paragraphs one (1) through seventeen (18), inclusive, as if fully stated herein.

20.     On or about August 27, 1999, Plaintiff was stopped, unreasonably restrained, and deprived of his liberty, against his will, until October 6, 1999. Plaintiff was arrested and held incarcerated based solely on Defendants' filing and issuance of an arrest warrant for a charge that had already been fully and finally adjudicated.

21.     Defendants' actions caused a restraint on Plaintiff's liberty without Plaintiff having committed any actual violation of law.

22.     Defendants acted with deliberate indifference to Plaintiff's rights. Said actions were grossly negligent, arbitrary, and shock the contemporary conscience.

23.     As a direct and proximate result of Defendants' violation of Plaintiff's rights, Plaintiff incurred damages including pain and suffering, mental anguish, legal fees, deprivation of liberty, and lost wages.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount to be determined at trial, together with punitive damages, costs, interest, and attorney's fees pursuant to 42 U.S.C. § 1988, and such other and further relief to which Plaintiff may be entitled.

## COUNT THREE: CRUEL AND UNUSUAL PUNISHMENT EIGHTH AMENDMENT OR, IN THE ALTERNATIVE, VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT

24.     Plaintiff hereby incorporates by reference the allegations of paragraphs one (1) through twenty-two (23), inclusive, as if fully stated herein.

25.     At the time Defendant was incarcerated at the Santa Fe County Detention Center,

4

Plaintiff was protected from cruel and unusual punishment by the Eighth Amendment to the United States Constitution.

26. In the alternative, Plaintiff was protected from cruel and unusual punishment by the substantive due process provisions of the Fourteenth Amendment to the United States Constitution, in that Plaintiff was a pre-trial detainee.

27. Defendants' actions in issuing and filing a Criminal Complaint and arrest warrant pertaining to charges previously adjudicate caused Plaintiffs arrest and subsequent incarceration from August 27, 1999 to October 6, 1999 and violated Plaintiff's rights under this constitutional amendment.

28. Defendants acted with deliberate indifference to Plaintiff's rights. Said actions were grossly negligent, arbitrary, and shock the contemporary conscience.

29. Defendants acted under state law and deprived Plaintiff of a right secured by the United States Constitution, to wit: the right to be secure in his person against unreasonable seizures and the right not to have any warrants issued for his arrest, absent probable cause. Const. Amend. IV.

26. As a direct and proximate result of Defendants' violation of Plaintiff's rights, Plaintiff incurred damages including pain and suffering, mental anguish, legal fees, deprivation of liberty, and lost wages.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount to be determined at trial, together with punitive damages, costs, interest, and attorney's fees pursuant to 42 U.S.C. § 1988, and such other and further relief to which Plaintiff may be entitled.

## COUNT IV: PENDENT STATE TORT CLAIM OF NEGLIGENCE AGAINST DEFENDANTS CARY LA VALLEY AND ALEX MONTOYA

27. Defendants Cary La Valley and Alex Montoya had a duty to exercise reasonable and ordinary care in determining whether or not valid cause existed before the Defendants caused the filing of or issuance of the arrest warrant.

28. Defendants Cary La Valley and Alex Montoya failed to exercise reasonable and ordinary care before swearing out the above describe criminal complaint and issuing or causing to be issued said warrant.

29. As a direct and proximate result of Defendants' negligence, Plaintiff incurred damages including pain and suffering, mental anguish, legal fees, deprivation of liberty, and lost wages.

WHEREFORE, Plaintiffs respectfully request judgment against the Defendants in an amount reasonable to compensate their for her losses, for judgment interest, for costs incurred in the prosecution of this matter, and for such further relief as the Court deems just and proper.

### JURY TRIAL DEMAND

30. Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

By: _____
Joe M. Romero, Jr.
Attorney for Plaintiff Curtis Moore
1905 Lomas Blvd. NW
Albuquerque, NM 87104
(505) 843-9776